UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9082 FMO (PJWx) | Date | February 18, 2020 |
|---|---|---|---|
| Title | Douglas D. Chism, et al. v. FCA US LLC, et al. | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:       Attorney Present for Defendants:

None Present       None Present

**Proceedings:**   (In Chambers) Order Re: Motion to Remand

On May 30, 2019, Douglas D. Chism and Cheryl L. Chism ("plaintiffs") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against FCA US LLC ("FCA") and Glenn E. Thomas Dodge Chrysler Jeep ("Thomas Dodge"), asserting, among other claims, breach of warranty claims under the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq. (See Dkt. 1, Notice of Removal ("NOR"), Exh. A, Complaint). Plaintiffs' claims arise out of their purchase of a 2011 Chrysler Town & Country vehicle in June 2011, (see id. at ¶ 8), which they allege contained numerous defects. (See id. at ¶ 10). Plaintiffs allege they "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00[,]" (id. at ¶ 11), and that FCA's conduct was "willful," (id. at ¶¶ 105, 112, 115, 119), thus entitling plaintiffs to a "civil penalty of two times Plaintiffs' actual damages[.]" (Id.; see also id. at Prayer).

After plaintiffs dismissed Thomas Dodge, a California citizen, FCA removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at ¶¶ 3-5, 10-18). On November 21, 2019, plaintiffs filed a Motion to Remand (Dkt. 9, "Motion"). Having reviewed the pleadings and the briefing filed with respect to plaintiffs' Motion, the court concludes as follows.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9082 FMO (PJWx) | Date | February 18, 2020 |
|---|---|---|---|
| Title | Douglas D. Chism, et al. v. FCA US LLC, et al. | | |

Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

Plaintiffs first contend that FCA failed to establish plaintiffs' citizenship, and therefore diversity jurisdiction does not exist. (See Dkt. 9, Motion at 5-6). However, in the NOR, FCA alleged that plaintiffs were citizens of California as reflected in the Complaint and in the lease agreement. (See Dkt. 1, NOR at ¶ 12; id., Exh. A, Complaint at ¶ 2); see 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3612 (3d ed. 2013) ("It is assumed ... that a person's current residence is also his domicile."). Moreover, plaintiffs do not claim that they are

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 547 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9082 FMO (PJWx) | Date | **February 18, 2020** |
|---|---|---|---|
| Title | **Douglas D. Chism, et al. v. FCA US LLC, et al.** | | |

citizens of a state other than California. (See, generally, Dkt. 9, Motion at 5-6). Finally, FCA has provided evidence of plaintiffs' long-term residency in California.[2] (See Dkt. 10, Opp at 7-9).

Next, plaintiffs contend that FCA has not shown that the amount in controversy exceeds $75,000. (See Dkt. 9, Motion at 7-10). As noted above, the Complaint alleges that plaintiffs "suffered damages . . . in an amount that is not less than $25,001.00[,]" (Dkt. 1, Exh. A, Complaint at ¶ 11) (emphasis added), and that FCA's conduct was "willful," (id. at ¶¶ 105, 112, 115, 119), thus entitling plaintiffs to a "civil penalty of two times Plaintiffs' actual damages[.]" (Id.; see also id. at Prayer); see Cal. Civ. Code § 1794(c). Thus, the Song-Beverly Act claims alone place the amount in controversy above $75,000.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that plaintiffs' Motion to Remand **(Document No. 9)** is **denied**.

 

Initials of Preparer      vdr

---

[2] FCA has also established that it is not a citizen of California. (See Dkt. 1, NOR at ¶¶ 13-14; Dkt. 10, Opp. at 9-12).